# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

KARISSA JOHNSON,

    Plaintiff,

v.                             Case No. 07-CV-14289

COMMISSIONER OF            DISTRICT JUDGE THOMAS LUDINGTON
SOCIAL SECURITY,             MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.    RECOMMENDATION

In light of the entire record in this case, I suggest that incorrect legal standards were used in the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and the case **REMANDED** for further administrative proceedings.

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II. REPORT

### A. Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's Child Disability Benefits. This matter is currently before the Court on cross motions for summary judgment. (Dkt. 22, 26.)

In February 2001, Gail Johnson, acting as next friend, filed the instant claim on behalf of her daughter Karissa, who was born on February 21, 1985. (Transcript, Dkt. 10 at 19, 29, 46-49.) The claim was denied at the initial administrative stages. (Tr. at 59-62.)[2] On November 4, 2004, Plaintiff appeared before Administrative Law Judge ("ALJ") Tony Eberwein, who considered the case *de novo*.[3] In a Decision dated December 6, 2004, the ALJ found that Plaintiff was not disabled. (Tr. at 16-31.) Plaintiff requested a review of this Decision on December 14, 2004. (Tr. at 14-15.)

The ALJ's Decision became the final decision of the Commissioner on August 17, 2007, when the Appeals Council denied Plaintiff's request for review. (Tr. at 4-8.) On October 10, 2007, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

### B. Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to

---

[2]The ALJ notes, however, that Plaintiff was awarded benefits for some period, and that they were terminated when Plaintiff turned 18 years of age. (Tr. at 19.)

[3]Since Plaintiff was 19 years of age at the time of the administrative hearing, she was proceeding in her own right as an adult.

determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case *de novo*. . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681.

**C. Governing Law**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means that a person is

> unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). One is thus under a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

A child will be considered disabled if he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child's impairment results in marked and severe limitations, SSA regulations[4] prescribe a three step sequential evaluation process:

1. If a child is doing substantial gainful activity, the child is not disabled and the claim will not be reviewed further.

2. If a child is not doing substantial gainful activity, the child's physical or mental impairments will be considered to see if an impairment or combination of impairments is severe. If the child's impairments are not severe, the child is not disabled and the claim will not be reviewed further.

3. If the child's impairments are severe, the child's impairment(s) will be reviewed to determine if they meet, medically equal or functionally equal the listings. If the child has such an impairment and it meets the duration requirement, the child will be considered disabled. If the child does not have such impairment(s), or if the duration requirement is not met, the child is not disabled.

*See* 20 C.F.R. § 416.924(a).

In this third step – namely, whether a child's impairment(s) functionally equals the listings – the Commissioner assesses the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a). The plaintiff's claims relate to the ALJ's adjudication at step three of the Children's Benefit Analysis. The Social Security regulations list specific impairments relevant to step three, some of which apply only to children. *Id.* at § 416.924(d). A claimant bears the burden

---

[4] For a history of these regulations, see *Molina v. Barnhart,* No. 00-CIV-9522(DC), 2002 WL 377529 (S.D.N.Y. March 11, 2002).

of proving that his or her impairment satisfies, or "meets," one of the listed impairments. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir.1995); *see also Hall ex rel. Lee v. Apfel*, 122 F.Supp.2d 959, 964 (N.D. Ill. 2000) (child's claim). Once a claimant makes such a showing, an irrebuttable presumption of disability arises and benefits must be awarded. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)).

To "meet" a listed impairment, a child must demonstrate both "A" and "B" criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. "A" criteria are medical findings and "B" criteria "describe impairment-related functional limitations." *Id*. An impairment that shows some but not all of the criteria, no matter how severely, does not qualify. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir.1995); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). If a child's impairments do not "meet" a listed impairment, they may still be medically or functionally equal in severity and duration to the medical criteria of a listed impairment. 20 C.F.R. § 416.926a(a). A child's impairments "equal" a listed impairment when the child demonstrates a "'marked' limitation[ ] in two domains of functioning or an 'extreme' limitation in one domain." *Id*. Domain analysis is equivalent to analysis of the "A" and "B" criteria for listed impairments, and focuses on "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). The regulations include six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. *Id*. A "marked" limitation is one which "interferes seriously with [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). It "is 'more than moderate' but 'less than extreme.'" *Id.*

D. **Analysis and Conclusion**

5

### 1. Plaintiff's Arguments

Plaintiff's counsel first points out that, in reaching his finding of nondisability, the ALJ never cited the Listings upon which he was relying and never explicitly considered Plaintiff's documented impairments with reference to any of the specific criteria contained any of the Listings dealing with childhood disability. Counsel then argues that Plaintiff "meets" the requirements of Listing § 112.10, which deals with pervasive developmental disorders, including autism. Under this Listing, a claimant must show: (1) qualitative deficits in the development of reciprocal social interaction and in the development of verbal and nonverbal communication and imaginative activity (the "A" criteria); and (2) a marked impairment in at least two appropriate age group criteria, including cognitive/communicative function, social functioning, personal functioning, or difficulties in maintaining concentration, persistence, or pace (the "B" criteria). 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.10.

### 2. ALJ's Findings

In his Decision, the ALJ first states that he is applying the Commissioner's child disability analysis to Plaintiff's claim. (Tr. at 20.) However, immediately thereafter, he lists the criteria for evaluating adult disability under 20 C.F.R. § 404.1520. After a lengthy review of the evidence, substantially all of which describes Plaintiff's condition during her childhood years (Tr. at 21-27), he finds first that Plaintiff has not engaged in substantial gainful activity. (Tr. at 30.) Next, at step two, the ALJ concludes that Plaintiff's impairments were "severe." (*Id.*) At step three, the ALJ states that Plaintiff's combination of impairments did not meet or equal the Listings. (Tr. at 21,30.) However, in doing so, he failed to cite any specific Listing. Moreover, nowhere in this decision can I find an application of any of the criteria given in either Listed Impairment § 112.10 or the domains of functioning set forth in 20 C.F.R. § 416.926a(b)(1), nor an explanation why they were

not utilized in what the ALJ admitted was a Child's Disability Benefits case. Instead, the ALJ immediately appears to apply the six-step adult disability analysis, as set forth in 20 C.F.R. §§ 404.1520 and 416.920, even though he earlier explicitly stated that this was a Child's Disability Benefits case, and, as mentioned, the evidence of record comes from Plaintiff's childhood years. And while he finds that Plaintiff has at least one "moderate" non-exertional impairment, that finding appears to be made under the Commissioner's adult mental impairment listings, and not under any of the childhood impairment listings summarized above.

### 3. Conclusion

After a careful review of the decision, I am therefore unable to discern just what legal standards and which Listings the ALJ applied to reach his finding of nondisability. Under these circumstances, I can come to no other conclusion but that, although the ALJ stated that he was following the Commissioner's childhood disability analysis, he, in fact, failed to do so. I thus suggest that the case be remanded for further administrative proceedings, including at least the consideration and application of the evidence of record to each of the criteria set forth in Listing 112.10, as well as consideration of the level of impairment, if any, suffered by Plaintiff in each of the six domains listed in 20 C.F.R. § 416.926a(b)(1).[5]

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*,

---

[5]While I am painfully aware that this Recommendation will cause another lengthy administrative delay, the ALJ's failure to follow and properly apply the Commissioner's disability analysis leaves me no other choice.

932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                        s/ *Charles E. Binder*
                                                      CHARLES E. BINDER
Dated: November 12, 2008                    United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Francis L. Zebot, Eva I. Guerra, and the Commissioner of Social Security, and served on District Judge Ludington in the traditional manner.

Date: November 12, 2008                By     s/Patricia T. Morris
                                                           Law Clerk to Magistrate Judge Binder